UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOHN KOLOSKY, | Case No. 15-CV-3121 (JNE/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA STATE RETIREMENT SYSTEM; DAVID BERGSTROM, Executive Director; MARY BENNER, Board Chair; TOMMY BELLFIELD, Board Member; BRYAN DAHL, Board Member; CHESTER JORGENSON, Board Member; SALLY OLSEN, Board Member; MICHAEL SCHWEYEN, Board Member; DAVID SENF, Board Member; WES SKOGLUND, Board Member; JOSEPH STRUNK, Board Member; JULIE LEPPINK, Attorney MSRS; and KEVIN FINNERTY, Office of the Attorney General, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2].

Plaintiff John Kolosky alleges that the named defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., when they denied his application for state disability benefits. Kolosky did not pay the filing fee for this matter, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

After review of the IFP application, this Court concludes that Kolosky qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Kolosky alleges that he was employed by the State of Minnesota Division of Forestry for 33 years as a seasonal worker. *See* Compl. at 2 [ECF No. 1]. His unit closed on October 31, 2009, and Kolosky quit working in any capacity at that time. *Id*. Kolosky alleges that he had become disabled during his employment with the State of Minnesota due to the physical nature of his work, and, since 2012, Kolosky has received social security disability payments. *Id*. at 2-3. At some point — the complaint is not clear exactly when — Kolosky was made aware that he might also be eligible for disability benefits through the Minnesota State Retirement System ("MSRS"). *Id*. at 3. The complaint is also not clear when Kolosky (or his brother acting on his behalf) first began informally

enquiring with the MSRS about receiving disability benefits, but this process began at the earliest in 2012, *see* Compl. at 5-6, or at the latest in 2014, *see* ECF Nos. 1-1, 1-2, 1-3, & 1-4.

In 2014, MSRS staff concluded that Kolosky did not qualify for disability benefits, as Minn. Stat. § 352.113, subd. 4(g) requires that an employee must "apply for a disability benefit within 18 months of termination . . . ." Kolosky's deadline for applying for MSRS benefits concluded on April 30, 2011 (18 months after he quit working for the State of Minnesota), and his inquiries into receiving benefits did not begin until at least 2012, and perhaps as late as 2014.[1] *See* Docket No. 1-2. Kolosky appealed the denial to the MSRS Board of Directors, but his appeal was unanimously denied. *See* Docket No. 1-1.

Kolosky offers two theories as to why his denial of benefits violates the ADA. First, Kolosky alleges that state law provides an insufficient amount of time for disabled persons to apply for MSRS benefits and thereby discriminates against disabled persons. While the undersigned is hard pressed to see how a state law *authorizing* disability benefits could found to *discriminate* against disabled persons under the ADA, in any event, "[t]o prevail on an ADA claim in this context, a plaintiff must demonstrate 'that he is a qualified individual with a disability denied participation in, or the benefits of, the services, programs, or activities of a public entity <u>because of his disability</u>.'" *De Boise v. Taser Int'l, Inc.*, 760 F.3d 892, 899 (8th Cir. 2014) (quoting *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998)) (emphasis added). Kolosky does not allege that he was unable to meet the 18-month deadline "because of his disability." Instead, he alleges that he did not meet the deadline because

---

[1] It does not appear that Kolosky has ever actually *applied* for MSRS benefits. Instead, it seems that the MSRS has declined to issue Kolosky an application, as the denial of that application was inevitable under state law. *See* Compl. at 6 ("My inquiry to get an application was denied . . . .").

he did not know about it. *See* Compl. at 5-6. Regardless of whether the 18-month deadline could somehow be considered insufficient for *other* disabled persons to apply for MSRS benefits (and thereby allegedly discriminates against those persons),[2] there is no allegation in this case that the 18 month deadline was insufficient for *Kolosky* to apply for MSRS benefits.

Second, Kolosky alleges that the MSRS board members and other individual defendants acted with personal animus towards him in denying his application for MSRS benefits, thereby discriminating against him on the basis of his disability. This claim is implausible in light of Minn. Stat. § 352.03, subd. 6(10), which permits the director of the MSRS to authorize payment of disability benefits only "in accordance with the provisions of this chapter." Among the "provisions of this chapter" is the requirement that claimants must apply for disability benefits within 18 months of termination. *See* Minn. Stat. § 352.113, subd. 4(g). The director of the MSRS and the MSRS Board of Directors could not have extended Kolosky's application deadline given the state law; indeed, they were forbidden by that very state law from doing so. Against this backdrop, any claims that the defendants denied Kolosky's claim for benefits *because he was disabled* is implausible.

In addition, under either theory, Kolosky must be a "qualified individual with a disability" in order to bring a claim under the ADA. 42 U.S.C. § 12132. Apart from conclusory statements that he is disabled (which are not entitled to the assumption of truth, *see Iqbal*, 556 U.S. at 679), Kolosky has not alleged specific facts showing that he is a "qualified individual with a disability." Although

---

[2] One of the exhibits filed by Kolosky indicates that a bill has been introduced in the Minnesota legislature giving individuals "who are not cognitively able to make decisions, three years to apply for disability benefits." Docket No. 1-1 at 2. Assuming for the sake of discussion that the proposed legislation identified by Kolosky ultimately became the law in Minnesota, there is no allegation in the complaint or reason to believe on this record that Kolosky is "not cognitively able to make decisions."

Kolosky cites his receipt of social security disability benefits as proof that he is disabled, receipt of social security disability payments is not sufficient, by itself, to establish that he is a qualified individual with a disability for purposes of the ADA. *See Olson v. Kambiri*, No. 13-CV-1777 (DWF/LIB), 2014 WL 2858164, at *9 n.19 (D. Minn. June 18, 2014) (citing *Dush v. Appleton Elec. Co.*, 124 F.3d 957, 962 n.8 (8th Cir. 1997)).

Finally, Kolosky references 42 U.S.C. § 1983, which establishes a cause of action against persons who, acting under color of state law, deprive individuals of any rights, privileges, or immunities secured by the U.S. Constitution and federal law. Kolosky's § 1983 claim simply duplicates his ADA claim in other words, he alleges that the defendants are liable under § 1983 because they deprived him of rights secured by the ADA. Because Kolosky's underlying ADA claims fail, his § 1983 claim necessarily fails as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff John Kolosky's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: August 4, 2015

s/Leo I. Brisbois  
Leo I. Brisbois  
U.S. MAGISTRATE JUDGE

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.